UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re. <br><br> VINCENT ROSENBALM, <br><br> Plaintiff. _____ / | No. C 07-1581 SI (pr) <br> No. C 07-1675 SI (pr) <br> No. C 07-1724 SI (pr) <br> No. C 07-1781 SI (pr) <br><br> **ORDER DENYING PAUPER STATUS AND FOR FILING FEES** |

A prisoner may not bring a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Vincent Rosenbalm is subject to the filing restriction on frequent filing prisoners in 28 U.S.C. § 1915(g) because he is a prisoner and has suffered four prior dismissals that counted under § 1915(g). See Order Of Dismissal filed today in In re. Rosenbalm, N. D. Cal. Case Nos. C 06-7801 SI, C 06-7802 SI, C 07-316 SI, C 07-606 SI, C 07-776 SI, C 07-1295 SI, and C 07-1555 SI. Having just determined that Rosenbalm currently is a prisoner for purposes of § 1915 and having just determined that he has four prior dismissals covered by § 1915(g), there is no need to redetermine those questions in the four new civil rights actions he has filed.

This order addresses four new civil rights actions filed by Rosenbalm. The court has reviewed the complaints in these four actions and determines that none of them come within the

imminent danger exception in § 1915(g).  Section 1915(g) precludes him from proceeding as a pauper in the four new civil actions  The in forma pauperis applications therefore are DENIED in Case No. C 07-1581 SI, Case No. C 07-1675 SI, Case No. C 07-1724 SI, and Case No. C 07-1781 SI.  Rosenbalm must pay the full filing fee of $350.00 in each of these actions no later than **June 29, 2007**.  Failure to pay the filing fees by the deadline will result in the dismissal of each case in which the full filing fee has not been paid.

Finally, the court notes that several of the civil rights complaints mention, among other things, problems in the criminal case pending against Rosenbalm.  To the extent Rosenbalm wants to challenge the fact or duration of his confinement, such claims may be asserted only in a petition for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

IT IS SO ORDERED.

Dated: June 1, 2007

_____
SUSAN ILLSTON
United States District Judge

2